## Fire Adjustment Bureau, Inc. v. Warhoftig

*John J. O'Brien, Jr.,* for plaintiffs.
*Harry L. Kaufman,* for defendant.

HIRSH, J., December 4, 1972.—This is a suit in assumpsit for the recovery by plaintiff-employers of moneys loaned and advanced to defendant-employe allegedly in excess of what he was entitled to, at the time he left plaintiffs' employ. The two-part order of this court (1) struck off a judgment entered by plaintiffs as a default judgment while defendant's preliminary objections to the complaint were pending before the court, and (2) overruled plaintiffs' preliminary objections to defendant's said preliminary objections, further, directing plaintiff to answer the latter within 20 days.

As to the so-called default judgment, it is not necessary to deal with defendant's contention that the notice

to plead endorsed on the complaint is inadequate. The fact is, within 20 days from service of the complaint, defendant filed of record preliminary objections, duly serving a copy on plaintiffs' counsel. The "notice to plead" requirement was thus met, as preliminary objections constitute a pleading by the express wording of Pennsylvania Rule of Civil Procedure 1017(a). Thus, plaintiffs' counsel improperly presented, and the prothonotary improperly accepted the praecipe for default judgment. The judgment, therefore, was stricken and execution issued thereunder was dismissed.

There remains merely a question of the adequacy of plaintiffs' complaint in the face of defendant's preliminary objections, raising two points, both of them meritorious and apparently requiring slight effort on plaintiffs' part to remedy. In the first place, plaintiffs have pleaded employment of defendant "pursuant to a written contract," yet, in violation of Pa. R. C. P. 1019(h), have failed to attach a copy or material part thereof, nor have they explained its absence, if inaccessible, nor have they set forth its substance.

The foregoing, then, is all that the plethora of papers prepared and filed in this case boils down to. Defendant has not appealed the court's denial of his request that plaintiffs post security for costs. It is regrettable that time of the judges, lawyers, secretaries, clerks and other personnel is so consumed in the sort of useless skirmishing indulged in here.

For the reasons set forth above, it is hereby ordered that judgment entered herein on June 8, 1972, is stricken and execution thereunder dismissed. It is further ordered that plaintiffs' preliminary objections in the nature of a motion to strike defendant's preliminary objections to the complaint are overruled and plaintiff is directed to answer defendant's preliminary objections to complaint within 20 days from the date hereof.